IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MURRAY REHRS,                          )
                                       )
              Plaintiff,               )         4:05CV3014
                                       )
        v.                             )
                                       )
THE IAMS COMPANY and PROCTOR           )         MEMORANDUM AND ORDER
AND GAMBLE, INC.,                      )
                                       )
              Defendants.              )
 _____        )


     There are several discovery and related motions pending in
this case.  First, in June plaintiff filed a motion to compel.
I directed counsel to confer further after the defendants filed
certificates of service indicating that additional responses had
been made.  Subsequently, both sides have filed supplemental
briefs concerning matters that remain in dispute.


     Defendants filed a motion for protective order as a partial
response to the motion to compel, in which defendants seek to
keep from releasing publicly information and documents pertaining
to defendant P & G's "High Performance Work System" ("HPWS").
Defendant has conceded relevance by pleading that the plaintiff's
job required him to work rotating shifts, and it appears from the
briefs that the necessity of requiring plaintiff to work rotating
shifts grew from the HPWS.  Defendants claim, however, these
materials are proprietary and trade secrets subject to disclosure
only with a protective order.


     Defendants have raised several general objections to
plaintiff's discovery requests.  First, defendants object that
the number of interrogatories served exceeds fifty, the agreed
limit.  That may be so, but that does not justify an objection to
all the interrogatories; rather, the objection should be asserted

only against those that exceed fifty.  Even so, had there been a
request to exceed the fifty interrogatory limit, I would have
granted it, so to move things forward I shall overrule
defendants' objections on this basis.

     Second, defendants assert attorney-client privilege and
work-product protection in some of their responses to the
discovery requests.  That may or may not be sufficient as to
defendants' initial responses to plaintiff's requests, but
defendants have not shown anything in response to the motion to
compel which demonstrates the applicability of either of those
protections.  Additionally, defendants have not complied with
either Fed. R. Civ. P. 26(b)(5) or Paragraph 4 of the progression
order in this case.  Filing 19.  It is the burden of the party
claiming protection from discovery to demonstrate the
applicability of the particular privilege or rule under which
such protection is claimed.  KN Energy Inc. v. Marathon Oil Co.,
109 F.R.D. 12 (D. Neb. 1983).  No such showing has been made
here.  All of such objections are overruled.

     Third, plaintiff has claimed entitlement to a verified
response to plaintiff's requests for production and
interrogatories.  The defendants correctly assert there is no
such requirement as to responses to requests to produce
documents.  There is such a requirement, however, regarding
responses to interrogatories; all answers to the interrogatories
must be signed under oath.  Fed. R. Civ. P. 33(b).  The court has
discretion to order a verified response to requests to produce,
and, in light of the fact that plaintiff's counsel appears to
doubt the substance of defendants' responses here, I shall do so.
Defendants will be given time to serve a response which is under
oath.

Fourth, defendants assert it is satisfactory to "answer over" their objections to plaintiff's discovery requests, for example, by responding to an interrogatory with something like, "Defendant objects to the interrogatory as irrelevant, but without abandoning such objection, answers as follows...."  Such a response, although permitted before the 1993 amendments to the federal rules, is no longer proper in responding to interrogatories or requests for production of documents. Instead, the responding party is required to specify exactly what portions of the interrogatory are being objected to, and answer the rest.  Fed. R. Civ. P. 33(b), 34(b).  When a party responds as formulated above, the discovering party has no idea whether the response contains all of the information sought, or some of it, or none of it.  Such a response could be a "complete" response to "all" parts of the interrogatory, a "complete" response to "some" parts of the interrogatory, an "incomplete" response to "all" parts of the interrogatory, or an "incomplete" response to "some" parts of the interrogatory.  The rules require an objecting responder to object only to particular, specific portions of the request and fully answer the remainder.  Id.  If claiming privilege or work product, the responding party must provide what has become known as a "privilege log," in which each such document or bit of information withheld is specifically listed and described.  Rule 26(b)(5).  When the responder provides "some" (most likely, favorable or neutral) information, the serving party legitimately must wonder whether the responder is holding back "some" (less favorable) information.  Such an ambiguous response thwarts the purpose of the rules:  To provide the discovering party a specific objection to an identified portion of the interrogatory and ALL information responsive to the remainder.

Finally, there is no basis shown here for not sheltering the defendants' information with a protective order.  This is not a case in which an allegedly dangerous product can continue to be sold to an unwary public to its peril.  It is, instead, an inquiry into the requirements and applicability of the defendants' HPWS, an internal management system.  Even without considering defendants' motion for protective order, to which plaintiff has not yet responded,[1] there is nothing before the court at this point indicating any harm to anyone by keeping this information protected from the general public.

With these parameters in mind, I have reviewed the parties' positions and rule as follows.

IT THEREFORE HEREBY IS ORDERED:

1.  Plaintiff's motion to compel, filing 21, is granted in part and denied in part, as follows:  All objections to the number of interrogatories served are overruled.  All objections based on attorney-client privilege and/or work product are overruled.  Defendants' responses to plaintiff's requests for production shall be verified under oath.  All objections asserted in conjunction with providing some information, except those objections going to only specifically designated portions of the request, are overruled.  Defendant shall, within ten days, provide supplemental answers to all interrogatories to which only one or more of the above objections have been interposed, and, in addition, Interrogatory 8, subject to a protective order.   The motion is denied, except as stated above, as to Interrogatories 2, 3, and 12.  Further, the motion is granted as to Request for Production 3, and, subject to a protective order, Requests 5 and 6.  The motion is denied in all other respects.  Counsel shall confer regarding an appropriate protective order and submit a proposed order to the court within five working days.

---

[1] Because the time for plaintiff to respond to the motion for protective order has not elapsed, I shall permit the plaintiff to respond to the motion, and I shall consider the plaintiff's doing so a request that I reconsider this portion of this order.

4

     2.  Defendant's motion to strike supplemental brief, filing 34, is granted, and the first supplemental brief, filing 33, is stricken.

     3.  Defendant's motion for protective order, filing 36, remains pending, and plaintiff may file a response as provided in the rules.  Such a response will be considered a request to reconsider the rulings in Paragraph 1 above respecting a protective order.  If plaintiff decides against seeking reconsideration, plaintiff's counsel is requested to notify the office of the undersigned immediately.

     4.  Defendants' motion to extend deadlines, filing 43, remains pending.  Plaintiff shall respond or indicate consent to the motion on or before September 14, 2005.

     5.  Each party shall bear his or its own expenses with respect to the discovery disputes addressed in this memorandum and order.

     DATED this 8th day of September, 2005.

               BY THE COURT:

               s/ *David L. Piester*
               David L. Piester
               United States Magistrate Judge